**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JULIE M. JOKI,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>ROGUE COMMUNITY COLLEGE; et al.,<br><br>        Defendants - Appellees. | No. 12-35413<br><br>D.C. No. 1:08-cv-00849-PA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted October 7, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Julie Joki appeals from the district court's grant of Defendants-Appellees'

motions for summary judgment on her claims of gender discrimination and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

Both parties agree that the district court accurately calculated the relevant statutes of limitations for Joki's claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, Oregon state law, and 42 U.S.C. § 1983. In applying these limitations periods, we are guided by the Supreme Court's holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," while "a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102, 122 (2002) (addressing Title VII claims); *see also Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003) (applying *Morgan* to § 1983 action based on discrete acts).

The district court correctly granted summary judgment on Joki's Title VII and state law claims. Joki relies on Michael Laam's observation of her October 5, 2006 class as evidence of discrimination and retaliation. But there is no evidence that this event was either a discrete act of discrimination or retaliation or an act contributing to a hostile work environment. Defendants-Appellees presented

evidence that Laam observed Joki's class after receiving several student complaints. Joki has failed to produce rebuttal evidence that similarly situated male employees were treated differently or that Laam acted in retaliation. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981) (holding that where the defendant in a Title VII suit proves by a preponderance of the evidence the existence of legitimate reasons to explain its actions, the burden is on the plaintiff to prove by a preponderance of the evidence the reasons offered by the defendant were not its true reasons, but were a pretext for discrimination).

Furthermore, Laam's classroom observation does not support a hostile work environment claim because there is no evidence it was part of an unlawful employment practice rather than an ordinary and reasonable response to student grievances. Nor is there evidence that the observation created or contributed to an atmosphere so intolerable as to make Joki's resignation a constructive discharge. *See Penn. State Police v. Suders*, 542 U.S. 129, 147 (2004) (holding that constructive discharge occurs when "working conditions [are] so intolerable that a reasonable person would have felt compelled to resign"). Joki also argues that her heavy workload provides support for her claims, but Defendants-Appellees presented evidence that all instructors received the same fifteen-unit workload.

While Joki complains that her classes were more difficult, the record does not demonstrate any disparity in workload.

Although the district court properly granted summary judgment on Joki's Title VII and state law claims, it erred in granting summary judgment on her § 1983 equal protection claim. As the district court recognized, the limitations period for this claim stretches back further than the limitations periods for her other claims and encompasses two additional incidents, Verne Underwood's "shunning" of Joki after a meeting on September 24, 2006 and Galyn Carlile's hand gesture at a faculty orientation on September 25, 2006. This conduct need not be independently actionable in order for Joki to withstand summary judgment on her hostile work environment theory, because "[s]uch claims are based on the cumulative effect of individual acts." *Morgan*, 536 U.S. at 115 (the unlawful employment practice at issue in hostile environment claims "cannot be said to occur on any particular day," but rather "occurs over a series of days or perhaps years, and in direct contrast to discrete acts, a single act of harassment may not be actionable on its own").

Viewed in context and in the light most favorable to Joki, as we are required to do, *see Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005), there is a triable issue of fact regarding whether Underwood's and Carlile's actions were part of a hostile work environment created by otherwise time-barred conduct and continuing into the limitations period. Our task is to determine whether these acts are part of preexisting actionable hostile work environment. *Morgan*, 536 U.S. at 120. These incidents were close in time to one another, and in light of the prior allegedly discriminatory conduct by Underwood and Carlile, we cannot say that a trier of fact could not find that these two acts were part of an actionable hostile work environment. Accordingly, summary judgment on Joki's hostile work environment claim was improper. *See id.* at 117 ("Provided that an act contributing to the [hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."); *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002) (holding that to survive summary judgment, a plaintiff is required to "demonstrate only that genuine issues of material fact exist as to whether the acts about which [s]he complained were 'part of the same actionable hostile work environment practice, and if so, whether any act [fell]

within the statutory time period.'" (quoting *Morgan*, 536 U.S. at 120) (second

alteration in original)).

**AFFIRMED in part; REVERSED AND REMANDED in part.** Each

party to bear its own costs.

*Joki v. Rogue Community College*, 12-35413

SILVERMAN, Circuit Judge, dissenting:

I agree with the majority that the district court properly granted summary judgment on Joki's Title VII and state law claims. However, I respectfully disagree with the majority's conclusion that there is a triable issue of fact regarding Joki's 42 U.S.C. § 1983 equal protection claim.

It is true that a hostile work environment claim is not time-barred "so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the [statute of limitations]." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The Supreme Court has explained that each act contributing to such a claim must be "part of the whole," and if the only act within filing period has "no relation" to the time-barred conduct or is otherwise "no longer part of the same hostile environment claim," the employee cannot recover for the previous acts. *Id.* at 118. That is the situation here.

There is no evidence, nor even any inference to be raised, that Underwood's snub of Joki or Carlile's gesture towards her contributed to a hostile work environment, because there is simply no connection between this behavior and the otherwise time-barred, *discriminatory* conduct alleged by Joki. The record lacks any indication that these incidents were motivated by gender animus as opposed to

ordinary dislike, that they are factually connected to any of the past gender-related conduct directed towards Joki, or that they are in any way similar to past acts of discrimination. Underwood's and Carlile's actions can only be characterized as minor insults or annoyances and are insufficient to show the continuation of a hostile work environment created by gender discrimination. Accordingly, I would affirm the district court's grant of summary judgment in its entirety.